# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILORAD STOJAKOVIC, ) | |
| ) | |
| Plaintiff, ) | No. 16 C 10525 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Milorad Stojakovic brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration Commissioner's decision denying his application for benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

## Background

Plaintiff applied for benefits on June 22, 2011, alleging a disability onset date of April 1, 2007. (R. 126.) His application was initially denied on July 25, 2011, and again on reconsideration on October 26, 2011. (R. 70-71.) Plaintiff requested a hearing, which was held by an Administrative Law Judge ("ALJ") on November 26, 2012. (R. 39-69.) On January 25, 2013, the ALJ issued a decision finding plaintiff not disabled from his alleged onset date to his date last insured ("DLI") September 30, 2009. (R. 11-21.) The Appeals Council declined to review the decision, and plaintiff appealed to this Court, which remanded the case to the

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited June 30, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

Commissioner for further proceedings. (R. 1-4, 702-24.) The ALJ held a second hearing on April 5, 2016 (R. 656-93), and on May 18, 2016, she again found that plaintiff was not disabled from his onset date to his DLI. (R. 639-50.) The Appeals Council declined review (R. 630-32), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any

other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged disability onset date through his DLI. (R. 641.) At step two, the ALJ determined that, through his DLI, plaintiff had the severe impairments of "diabetes mellitus, history of hernia repair, degenerative changes of the left shoulder, obesity, and degenerative joint disease of the left foot." (R. 642.) At step three, the ALJ found that, through his DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that, through his DLI, plaintiff could not perform his past relevant work but had the residual functional capacity ("RFC") to perform medium work with certain restrictions. (R. 643, 648.) At step five, the ALJ determined that, through plaintiff's DLI, jobs existed in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 648-49.)

Plaintiff argues, briefly and conclusorily, that the record does not support the ALJ's determination that he was not disabled as of his DLI:

> The ALJ admits . . . that through the [DLI] the claimant had diabetes mellitus, history of hernia repair, degenerative changes of the left shoulder, obesity and degenerative joint disease. R. 642. It is a well known fact of medical science that these impairments are chronic in nature and will last more than 12 months. It is claimant's contention that these disorders did meet the level of severity needed to qualify as a listed impairment. This is pure common sense . . . .
>
> The claimant saw Dr. Chen on September 22, 2010, February 11, 2009, and January 4, 2007. He was taking Humalog, Levitra and Vytorin. Humalog is a medicine used to control diabetes. This was taken before his DLI. R. 238. On

>June 11, 2009, he had diagnostic lab work ordered by Dr. Chen. On December 4, 2008, an MRI of his shoulder was taken. R. 239[.] On February 4, 2008, diabetic lab work was ordered. A stress test was administered [o]n October 1, 2007. R. 240. On August 28, 2006 and September 1, 2006, he was taking insulin and Glucophage. R. 241. All of these tests prove that the claimant was suffering from serious illnesses prior to his DLI. . . . The main point that the claimant is trying to make is that he was severely ill prior to his DLI . . . . [and] should be considered disabled prior to his DLI.

(Pl.'s Mot. Summ. J. at 3-4.)[2]

However, the issue is not whether plaintiff had impairments at his DLI, but whether the record shows that those impairments were disabling at that time. The record does not support such a conclusion. Diabetes is not a listed impairment for adults, SSR 14-2p, 2014 WL 2472008, at *2 (June 2, 2014), and there is no evidence that, at his DLI, plaintiff's diabetes caused a listing level impairment in any of his body systems. (*See generally* R. 219-24, 230-31, 239-45, 247-48, 253-54, 265-72, 278-79, 283-84, 289-90, 292-93, 334-36, 369-72, 389-90, 503-04.) Obesity is also not a listed impairment, *see* SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002), and there is no evidence that plaintiff's obesity alone, or in combination with his other impairments, rendered him unable to work. (*Id.*) Nor did the degenerative changes to plaintiff's left shoulder and foot, which are characterized as mild or moderate, and do not meet listing 1.02 for major dysfunction of a joint. (R. 212-16, 258-59, 380-83); *see* 20 C.F.R. pt. 404, App'x 1, Listing 1.02 (stating that major dysfunction of a joint is "[c]haracterized by gross anatomical deformity . . . and chronic joint pain and stiffness with signs of limitation of motion . . . , and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s)" with either "[i]nvolvement of one major peripheral weight-

---

[2] The argument presented by plaintiff is not summarized here. This is almost the entirety of plaintiff's argument. (*See* Pl.'s Mot. Summ. J., Dkt. 16 at 2-4.) This Court is not obligated to scour the record to find support for an argument. *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) ("[A court] is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case.") Plaintiff has failed to identify evidence in the record to support his position.

bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively" or "[i]nvolvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively."). In short, the ALJ's conclusion that plaintiff's impairments were not disabling as of his DLI is supported by substantial evidence.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [16], grants the Commissioner's motion for summary judgment [17], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**                    **ENTERED: September 25, 2017**


_____
**M. David Weisman**
**United States Magistrate Judge**